STATE of Utah, Plaintiff and Appellee,

v.

Michael David HOFF, Defendant and Appellant.

No. 900096.

Supreme Court of Utah.

July 3, 1991.

R. Paul Van Dam, Dan Larsen, Salt Lake City, for plaintiff and appellee.

Walter F. Bugden, Salt Lake City, for defendant and appellant.

STEWART, Justice:

Michael David Hoff appeals the denial of his motion to withdraw his guilty plea to the crime of attempted aggravated sexual abuse of a child, a first degree felony. *See* Utah Code Ann. § 76-5-404.1 (Supp.1984). The issue on this appeal is whether the district court erred in ruling that Hoff's plea was validly taken under Rule 11(5) of the Utah Rules of Criminal Procedure.

### I.

In March 1985, Hoff was charged with one count of aggravated sexual abuse of a child. The probable cause statement attached to the information stated that in March 1985, a 13-year-old female reported to police that during the summer of 1984, Hoff had fondled her breasts and touched

her vagina on numerous occasions and that Hoff subsequently admitted to Grantsville City police officers that he committed the alleged acts.

Hoff waived a preliminary hearing and was bound over to the district court for trial. At the arraignment on July 22, 1985, he entered a plea of guilty to the reduced charge of attempted aggravated sexual abuse of a child pursuant to a plea bargain agreement. The arraignment record discloses that defense counsel acknowledged that Hoff had a copy of the information and waived its reading. The trial judge explained to Hoff that by pleading guilty he gave up the right to a jury trial, to confront witnesses, to appeal if convicted, and to be proven guilty beyond a reasonable doubt. Hoff stated that he had discussed the matter with his attorney, that he was satisfied with his attorney's representation, and that he waived his rights. Hoff also acknowledged that he entered the plea knowingly and voluntarily. He then executed the plea affidavit and pleaded guilty.

The affidavit Hoff signed stated that he was entering a plea of guilty to the lesser offense of attempted aggravated sexual abuse of a child, that the charge was a first degree felony, and that he was entering the plea voluntarily after conferring with his attorney. The affidavit contained an acknowledgment that Hoff knew he had a right to a jury trial, to be represented by counsel, to be confronted by witnesses against him, to cross-examine such witnesses, to have witnesses subpoenaed on his own behalf at the State's expense, to testify in his own behalf or not to testify, to have the State prove each and every element of the crime beyond a reasonable doubt, to have a unanimous jury verdict if convicted, to invoke the privilege against self-incrimination, to appeal should he be convicted, and to have the State pay the costs of such an appeal should he be unable to do so. The affidavit also contained a statement that Hoff knew and understood that by entering a plea of guilty he waived those rights and that the maximum sentence possible for the crime was imprisonment in the Utah State Prison for a term of not less than five years nor more than life and/or a fine in an amount not to exceed $10,000. It stated that no promises had been made in return for the guilty plea and that no one had forced, threatened, or coerced Hoff to plead guilty. The affidavit further stated that Hoff was not under the influence of drugs or alcohol, that he had read the affidavit or that it had been read to him by his attorney, and that he knew and understood its contents. It recited that Hoff was 44 years of age, had obtained an associate of science degree, and could read and understand the English language. With respect to the facts which constituted the basis for the guilty plea, the affidavit recited that Hoff attempted

> to touch the anus, buttocks, or genitalia of a child who was under the age of 14, or attempt[ed] to touch the breast of a female child who was under the age of 14, or otherwise attempted to take indicent [sic] liberties with myself, with intent to arouse or gratify the sexual desire of said child or of myself and that I, prior to committing said offense was previously convicted of a felony involving a sexual offense.

(Emphasis omitted.) On September 30, 1985, Hoff was sentenced to serve a term of incarceration of five years to life.

Hoff filed a motion to set aside his guilty plea four years later. On February 26, 1990, a district court judge denied the motion and stated: "The court ... is of the opinion that, taking the record as a whole, the arraigning court showed substantial compliance with Rule 11."

Hoff contends that the judge who took his plea was required to comply with Rule 11(5)(d) and (e) of the Utah Rules of Criminal Procedure and did not do so.[1] Specifi-

---

1. Rule 11(5) of the Utah Rules of Criminal Procedure is the provision currently in effect. The substantially similar provision in effect at the time the plea in this case was taken was Rule 11(e) of the Utah Rules of Criminal Procedure, found in Utah Code Ann. § 77–35–11(e) (Supp. 1985) (repealed effective July 1, 1990), which stated:

cally, Hoff asserts that he was not questioned by the judge concerning the nature and elements of the offense, that different references to the title of the offense to which he pleaded caused confusion as to the crime involved, and that the trial judge failed to advise him on the record of the minimum and maximum sentences which could be imposed. The State contends that substantial compliance with Rule 11(5) is sufficient, that strict compliance is not necessary, and that Hoff's plea was taken in substantial compliance with Rule 11(5) and was knowingly and voluntarily entered.

## II.

Hoff moved to withdraw his guilty plea pursuant to Utah Code Ann. § 77–13–6(2)(a) (1990), which states: "A plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of the court." Hoff contends that he should have been allowed to withdraw his guilty plea because the judge who accepted his plea did not comply with the requirements of Rule 11. He argues that there was neither strict compliance as required by *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), nor substantial compliance as required by pre-*Gibbons* cases.

■ *Gibbons* mandated that trial courts strictly comply with the requirements of Rule 11(5) in taking guilty pleas and held that Rule 11(5) "squarely places on trial courts the burden of ensuring that constitutional and Rule [11(5)] requirements are complied with when a guilty plea is entered." 740 P.2d at 1312. We stated:

> (e) The court may refuse to accept a plea of guilty or no contest and shall not accept such a plea until the court has made the findings:
> (1) That if the defendant is not represented by counsel he has knowingly waived his right to counsel and does not desire counsel;
> (2) That the plea is voluntarily made;
> (3) That the defendant knows he has rights against compulsory self-incrimination, to a jury trial and to confront and cross-examine in open court the witnesses against him, and that by entering the plea he waives all of those rights;
> (4) That the defendant understands the nature and elements of the offense to which he

It is not sufficient to assume that defense attorneys make sure that their clients fully understand the contents of [an] affidavit.

The use of a sufficient affidavit can promote efficiency, but an affidavit should be only the starting point, not an end point, in the pleading process.... The trial judge should then review the statements in the affidavit with the defendant, question the defendant concerning his understanding of it, and fulfill the other requirements imposed by [Rule 11] on the record before accepting the guilty plea.

740 P.2d at 1313–14. The rule announced in *Gibbons* was intended to ensure that the record demonstrates that the judge who takes the plea personally establishes that a defendant's guilty plea is truly knowing and voluntary. To that end, *Gibbons* requires that at the time a guilty plea is entered the judge should establish on the record that the defendant knowingly waived his or her constitutional rights and understood the elements of the crime. "[T]he more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). *See also Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

On the record in this case, it is clear that the judge who accepted Hoff's plea did not

> is entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all those elements;
> (5) That the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences; and
> (6) Whether the tendered plea is a result of a prior plea discussion and plea agreement and if so, what agreement has been reached.

strictly comply with Rule 11(5). The issue that now arises is, therefore, whether the pre-*Gibbons* substantial compliance standard applies and, if so, whether Hoff's plea was taken in substantial compliance with Rule 11(5).

Prior to our decision in *Gibbons*, a guilty plea was valid and could not be withdrawn if the trial court demonstrated substantial compliance with Rule 11. *See State v. Miller,* 718 P.2d 403, 405 (Utah 1986); *State v. Kay,* 717 P.2d 1294, 1299–1302 (Utah 1986); *Warner v. Morris,* 709 P.2d 309, 310 (Utah 1985); *Brooks v. Morris,* 709 P.2d 310, 311 (Utah 1985); *State v. Vasilacopulos,* 756 P.2d 92, 94–95 (Utah Ct.App.1988), *cert. denied,* 765 P.2d 1278 (Utah 1988).

In cases decided after *Gibbons* involving guilty pleas entered before the issuance of *Gibbons,* we have applied the pre-*Gibbons* substantial compliance standard. *See, e.g., Jolivet v. Cook,* 784 P.2d 1148, 1149–51 (Utah 1989), *cert. denied,* — U.S. —, 110 S.Ct. 751, 107 L.Ed.2d 767 (1990) (guilty plea entered February 7, 1985); *State v. Hickman,* 779 P.2d 670, 672 (Utah 1989) (guilty plea entered January 1985); *State v. Copeland,* 765 P.2d 1266, 1273–75 (Utah 1988) (guilty plea entered July 28, 1986); *State v. Mildenhall,* 747 P.2d 422, 424 (Utah 1987) (guilty plea entered May 31, 1985). *See also State v. Valencia,* 776 P.2d 1332, 1334–35 (Utah Ct.App.1989) (as to guilty plea entered July 17, 1987, two and a half weeks after the issuance of *Gibbons,* strict compliance rule applied); *State v. Vasilacopulos,* 756 P.2d 92, 93–95 (Utah Ct.App.1988) (guilty plea entered February 17, 1984), *cert. denied,* 765 P.2d 1278 (Utah 1988).

The State argues that *Gibbons* did not change the standard for determining the validity of a guilty plea but that *Gibbons* only recommended "the best method of determining the voluntariness of a plea...." The State also argues that our cases subsequent to *Gibbons* have diminished the requirements of *Gibbons.* The State's arguments are incorrect on both counts.

First, *Gibbons* was indeed intended to change both the practice and the standard for taking guilty pleas. The practice of simply relying on defense attorneys and plea affidavits to explain the waiver of constitutional rights and to determine that a guilty plea was knowing and voluntary in every significant respect was deemed insufficient, and that burden was placed on the judge.

Second, the cases relied on by the State for the proposition that the *Gibbons* strict compliance standard has not been implemented are cases involving pre-*Gibbons* pleas. The only post-*Gibbons* guilty plea case to come before this Court, *State v. Smith,* 777 P.2d 464, 466 (Utah 1989), applied the strict compliance test.[2]

 The strict compliance rule announced in *Gibbons* was, however, a clear break with this Court's rulings in previous cases dealing with the validity of guilty pleas. *See State v. Hickman,* 779 P.2d 670, 672 n. 1 (Utah 1989). When a new rule of criminal procedure constitutes a clear break with the past, it is not generally applied retroactively. *See State v. Lafferty,* 749 P.2d 1239, 1259–61 (Utah 1988); *State v. Jonas,* 725 P.2d 1378, 1380 (Utah 1986); *State v. Norton,* 675 P.2d 577, 584 (Utah 1983), *cert. denied,* 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 470 (1984), *overruled on other grounds, State v. Hansen,* 734 P.2d 421, 427 (Utah 1986). *But see Salt Lake City v. Womack,* 747 P.2d 1039, 1042 (Utah 1987); *State v. East,* 743 P.2d

---

2. The State also argues that the court of appeals in *State v. Thurston,* 781 P.2d 1296 (Utah Ct. App.1989), abandoned the *Gibbons* strict compliance rule by applying a substantial compliance test. Of course, the court of appeals has no power to overrule a decision of this Court. Furthermore, the State misreads *Thurston.* It did not involve the taking of a guilty plea, but rather the specific performance of a plea negotiation. In fact, the court of appeals has routinely required strict compliance with Rule 11 as to guilty pleas that were entered after *Gibbons* was decided. *See, e.g., State v. Powell,* No. 900202-CA, slip op. at 2 (Utah Ct.App. Oct. 24, 1990) (unpublished opinion), *cert. denied,* No. 900525 (Utah January 29, 1991); *State v. Pharris,* 798 P.2d 772, 774–78 (Utah Ct.App.), *cert. denied,* 804 P.2d 1232 (Utah 1990); *State v. Gentry,* 797 P.2d 456, 459 (Utah Ct.App.1990), *cert. granted,* 156 Utah Adv.Rep. 26, 27 (1991); *State v. Valencia,* 776 P.2d 1332, 1334–35 (Utah Ct.App.1989); *State v. Vasilacopulos,* 756 P.2d 92, 93–95 (Utah Ct.App.), *cert. denied,* 765 P.2d 1278 (Utah 1988).

1211, 1211 (Utah 1987). *See generally Andrews v. Morris*, 677 P.2d 81, 88–95 (Utah 1983). We now specifically hold that *Gibbons* should not be retroactively applied to guilty pleas taken before *Gibbons* was issued. Under similar circumstances, in *Halliday v. United States*, 394 U.S. 831, 833, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 (1969), the United States Supreme Court refused to give retroactive effect to *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which required strict compliance with Rule 11 of the Federal Rules of Criminal Procedure in the taking of guilty pleas by federal district courts.[3] Therefore, the law that governs this case is the pre-*Gibbons* substantial compliance standard.

### III.

Hoff contends that he was misled because of the various names used to identify the offense to which he pleaded, that the trial court did not advise him of the minimum and maximum sentences which could be imposed, and that there was no on-the-record acknowledgment by him of the elements of the offense or the facts which formed the basis for the plea. Based on these contentions, Hoff asserts that there was not substantial compliance with Rule 11 when his plea was taken.

■ Although there was some misstatement of the title of the offense to which Hoff pleaded, he was not misled. It is true that the prosecution and the judge each referred to the offense by different names during the arraignment, but the erroneous references, with one insignificant exception, were to the crime of aggravated sexual abuse of a child. If Hoff thought he was pleading to that crime, the misstatement did not prejudice him because he pleaded to an attempt to commit that crime. In any event, the judge stated that the amended charge to which Hoff pleaded guilty was "attempted aggravated sexual abuse of a child," and defense counsel stated that Hoff was prepared to plead guilty

to "attempted aggravated sexual abuse of a child." Furthermore, the plea affidavit which Hoff signed correctly set forth the crime as attempted aggravated sexual abuse of a child. The record indicates that Hoff knew he was pleading guilty to the lesser included offense of attempted aggravated sexual abuse of a child. *Cf. Hurst v. Cook*, 777 P.2d 1029, 1038 (Utah 1989) (amended information misnamed offense to which defendant was pleading; however, plea affidavit clearly named offense in two places).

■ Hoff's next contention is that the judge failed to comply with Rule 11(5)(e) by not stating the minimum and maximum sentences which could be imposed. Although that is true, Hoff's plea affidavit did state the minimum and maximum sentences, and Hoff acknowledged the affidavit, discussed it with his counsel, and signed it in open court. On these facts, we hold that there was substantial compliance with Rule 11(5)(e).

Hoff's third contention is that the judge failed to comply with Rule 11(5)(d) because the court did not inquire whether he understood the elements of the offense. Hoff's affidavit stated:

> I have discussed [the affidavit's] contents with my attorney and ask the Court to accept my plea of guilty to the charges set forth above in this affidavit because I did, in fact, during the summer of 1984, in Tooele County, State of Utah, attempt to touch the anus, buttocks, or genitalia of a child who was under the age of 14, or attempt to touch the breast of a female child who was under the age of 14, or otherwise attempted to take indicent [sic] liberties with myself, with intent to arouse or gratify the sexual desire of said child or of myself and that I, prior to committing said offense was previously convicted of a felony involving a sexual offense.

(Emphasis omitted.) This statement is couched largely in the terms of the statutory language defining the offense. Be-

**3.** Rule 11 of the Federal Rules of Criminal Procedure was amended in 1983 by the addition of a provision which states, "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregard-

ed." Although the provision adopts a harmless error standard for the review of the taking of guilty pleas, the provision does not relieve trial courts from strict compliance with Rule 11.

yond the statutory language, the statement does not set forth the nature of Hoff's conduct. Nor does the affidavit state the names of the sexual offenses for which Hoff had previously been convicted.

■ The determination of whether there was substantial compliance with Rule 11 must necessarily turn on the facts of each case. We have dealt with the issue of a trial judge's failure to state the elements of the offense charged on several occasions. In *Jolivet v. Cook*, 784 P.2d 1148 (Utah 1989), the trial judge made no inquiry into the elements of the offense charged and their relationship to the facts. Nevertheless, we held that the record was sufficient to support the conclusion that Jolivet "understood the elements of the crimes charged and how those elements related to the facts." In *State v. Copeland*, 765 P.2d 1266 (Utah 1988), we also addressed that issue. The record indicated that at the arraignment, the trial judge indicated that the defendant was alleged to have engaged "in a sexual act upon a child under the age of fourteen and involving the genitals of the actor and the mouth of the child." 765 P.2d at 1273. Furthermore, the defendant had himself described the act in a taped confession which was available to the trial judge at the plea hearing. We held that the trial court's explanation stated "the elements of the crime [and] describe[d] the specific act of [the] defendant" and that the plea was validly entered. 765 P.2d at 1273.

■ The substantial compliance doctrine has not, however, validated all pre-*Gibbons* pleas. When there has been a significant departure from Rule 11 requirements which led to considerable doubt as to whether a defendant's plea was knowing and voluntary, we have allowed the plea to be withdrawn. In *State v. Breckenridge*, 688 P.2d 440 (Utah 1983), we held that the uninformed guilty plea of the defendant was not voluntarily made.

In this case, two parts of the record indicate that Hoff understood the factual elements of the crime charged. First, the original information alleged aggravated sexual abuse of a child and contained a detailed probable cause statement describing the factual basis of the charge, includ-ing the facts that Hoff had fondled the breast of his 12–year–old victim, had previously been adjudged guilty of two felony counts of sexual exploitation of a minor in July of 1982, and had admitted the current criminal conduct. Hoff had a copy of the information and did not dispute its contents. Although he pleaded to an offense different from that contained in the information, the elements of the offenses were the same, except the amended offense was an attempt to commit the original offense. Second, the affidavit which Hoff executed in open court stated facts showing that he understood the elements of the crime to which he pleaded. We conclude that the judge who took the plea substantially complied with Rule 11(5).

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.