STATE of Utah, Plaintiff and Appellee,

v.

Mark Raymond DASTRUP, Defendant and Appellant.

No. 900144-CA.

Court of Appeals of Utah.

Sept. 27, 1991.

---

Shelden R. Carter, Harris & Carter, Provo, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen. and Judith S.H. Atherton (argued), Asst. Atty. Gen. Governmental Affairs, Salt Lake City, for plaintiff-appellee.

Before BENCH, JACKSON and RUSSON, JJ.

BENCH, Presiding Judge:

Defendant entered a guilty plea to ten counts of forgery, all second-degree felonies, in violation of Utah Code Ann. § 76-6-501 (1990), and eight counts of theft, one third-degree felony and seven second-degree felonies, in violation of Utah Code Ann. § 76-6-404 (1990). Defendant subsequently attempted to set aside his guilty plea and resulting conviction by contending that the trial court did not strictly comply with Rule 11(5) of the Utah Rules of Criminal Procedure as required by *State v. Gibbons*, 740 P.2d 1309 (Utah 1987). His motion was denied. Defendant now appeals the denial of his motion to set aside his guilty plea. We reverse and remand.

When defendant originally entered his guilty plea, the trial court conducted a colloquy with defendant on the record regarding his desire to enter his plea. During that colloquy, the court addressed each of defendant's constitutional rights enumerated in Rule 11(5). The trial court did not, however, ask the defendant on the record if he knew that by pleading guilty he was waiving those rights.

Defendant asserts that the trial court's failure to ask him specifically if he knew that he was waiving his rights rendered his plea unacceptable under Rule 11(5).[1] Rule 11(5) provides in pertinent part:

The court ... may not accept the plea until the court has found:

. . . .

(c) *the defendant knows* he has rights against compulsory self-incrimination, to a jury trial, and to confront and cross-examine in open court the witnesses against him, and *that by entering the plea he waives all of those rights;*

Utah R.Crim.P. 11(5) (emphases added). Defendant makes this claim even though in his affidavit he affirmatively acknowledged that he knew he was waiving each of his rights enumerated in Rule 11(5)(c).

▪ Recently, this court held in *State v. Smith*, 812 P.2d 470, 477 (Utah App.), *petition for cert. filed*, 167 Utah Adv.Rep. 25 (Utah 1991), and *State v. Trujillo–Martinez*, 814 P.2d 596 (Utah App.1991), that a trial court could consider both the colloquy *and* the affidavit in determining whether the defendant's plea was being entered in strict compliance with Rule 11(5).[2] Subsequently, however, the Utah Supreme

---

1. Defendant also claims that his guilty plea was not voluntary, and that he did not understand the nature and elements of the offenses to which he pleaded guilty. Inasmuch as we reverse because of the trial court's failure to specifically address each and every provision of Rule 11(5)(c) with the defendant on the record, we need not consider these allegations of error.

2. Rule 11(5) does not mandate any colloquy "on the record." In fact, no such colloquy is ever mentioned in Rule 11(5). Strict compliance with the rule, therefore, only requires that there be evidence before the trial court to support each of the findings enumerated. This is the underlying reasoning of both *Smith* and *Trujillo–Martinez*. The requirement that the findings be based upon statements made by the defendant "on the record" during a colloquy and not upon statements made in an affidavit is a requirement created by the supreme court in *Gibbons*. In other words, there are two requirements arising out of *Gibbons*: first, that there be compliance with the provisions of Rule 11(5), *Gibbons*, 740 P.2d at 1313; and second, that the trial court conduct an adequate colloquy with the defendant on the record before accepting the plea. *Id.* at 1314. It is therefore logically inappropriate to state that the failure to conduct an adequate colloquy is a failure to comply strictly with Rule 11(5). The failure to conduct an adequate colloquy is correctly characterized as a violation of the common law rule established in *Gibbons*.

Court's decision in *State v. Hoff*, 814 P.2d 1119 (Utah 1991) seems to have foreclosed that interpretation. In *Hoff*, the supreme court stated that *Gibbons* requires that the trial court "personally establish[ ] that the defendant's guilty plea is truly knowing and voluntary,'' and that the trial court "establish on the record that the defendant knowingly waived his or her constitutional rights and understood the elements of the crime." *Hoff*, 814 P.2d at 1122. Even though the affidavit in this case clearly and unequivocally states that the defendant has knowingly waived his constitutional rights, there is no such statement "on the record." Given the language in *Hoff*, the trial court must base its findings solely on the colloquy, without considering any statements made in the affidavit.

Although the better approach may be to consider the colloquy and the affidavit in unison since both constitute evidence properly before the court, the supreme court has precluded us from taking such an approach. We are therefore constrained to hold that the plea was defective because the trial court failed to address specifically with the defendant, in open court and "on the record," each and every provision of Rule 11(5). We must do so even though the defendant affirmatively stated in his affidavit that he knew he was waiving his rights.

We reverse the trial court's denial of defendant's motion to set aside his guilty plea and remand to the trial court for further proceedings consistent herewith.

JACKSON, J., concurs.

1. Rule 11(5) provides:
> The court may refuse to accept a plea of guilty or no contest, and may not accept the plea until the court has found:
>   (a) if the defendant is not represented by counsel, he has knowingly waived his right to counsel and does not desire counsel;
>   (b) the plea is voluntarily made;
>   (c) the defendant knows he has rights against compulsory self-incrimination, to a jury trial, and to confront and cross-examine in open court the witnesses against him, and that by entering the plea he waives all of those rights;
>   (d) the defendant understands the nature and elements of the offense to which he is

RUSSON, Judge (concurring):

I concur with the majority opinion, but write separately to express my reservations concerning the approach recently taken by the Utah Supreme Court in *State v. Hoff*, 814 P.2d 1119 (Utah 1991), and *State v. Maguire*, 815 P.2d 241, (Utah 1991) (per curiam). In *Hoff* and *Maguire*, the court extended *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), to require that all of the elements of Utah Rule of Criminal Procedure 11(5)[1] be expressly addressed in the plea colloquy, without regard to whether they are present in the affidavit. For the reasons set out in the majority opinion in *State v. Trujillo–Martinez*, 814 P.2d 596 (Utah App.1991), and in my concurring opinion in *State v. Smith*, 812 P.2d 470, 481–82 (Utah App.1991) (Russon, J., concurring), *petition for cert. filed,* 167 Utah Adv.Rep. 25 (Utah 1991), both the affidavit and the colloquy should be used to assist a trial court in ascertaining on the record that a defendant's plea is truly knowingly and voluntarily made in compliance with Rule 11. Accordingly, I write separately to reemphasize the points raised in *Trujillo–Martinez* and *Smith*.

When used properly, the affidavit is an effective, as well as efficient, tool to aid the judge in ascertaining that a plea is, indeed, knowing and voluntary. The necessity of using an affidavit in conjunction with a thorough colloquy is readily apparent:

> There is nothing sacrosanct about an exchange between a trial judge and a criminal defendant at the time of taking

entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all those elements;
  (e) the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences;
  (f) if the tendered plea is a result of a prior plea discussion and plea agreement, and if so, what agreement has been reached; and
  (g) the defendant has been advised of the time limits for filing any motion to withdraw a plea of guilty or no contest.

a guilty plea. A guilty plea is most often received in a crowded courtroom with the defendant, often in shackles, looking up at a judge who, in black robe, peers down from an elevated bench. The judge questions the defendant while everyone in the courtroom watches and waits. Silence in such environment can be deafening, and the pressure immense. The situation impels the defendant to immediately answer the judge's questions.

However, where an affidavit is used, the defendant has privacy and time to prepare, review, and discuss the affidavit with his lawyer. No one is watching and waiting. There are no time limitations. The defendant has the opportunity to ask his lawyer the meaning of certain words and phrases. Consequently, there is more assurance of a knowing and voluntary plea when an affidavit is utilized than when it is not. Of course, the trial judge must still be satisfied, by personal inquiry of the defendant, that the defendant actually read the affidavit, reviewed it with counsel, and understands it.

*Smith,* 812 P.2d at 481 (Russon, J., concurring). Thus, proper use of an affidavit in conjunction with the colloquy promotes the trial judge's ability to determine that a plea was knowingly made by the defendant, thus producing a guilty plea which is less susceptible to reversal on appeal.

Additionally, the use of affidavits in conjunction with the colloquy also ensures that the taking of guilty pleas is performed efficiently. The extent of the colloquy will then depend upon the needs of the defendant:

A defendant who is a college graduate and who informs the judge that he has read his affidavit, discussed it with his attorney, and understands it will naturally not require the kind of inquiry as will a defendant who has no education and little or no grasp of the English language.

*Id.* at 481–82. Thus, efficiency is also served without sacrificing the criminal defendant's rights.

However, the trial court's responsibility does not end with finding that the affidavit and colloquy together establish a knowing and voluntary plea. The trial court must also inquire as to whether the defendant has read and understands his affidavit, and whether he has discussed it with his attorney, in order for the judge to properly ascertain that such affidavit was both knowingly and voluntarily signed. If the trial court does not so question the defendant, such affidavit cannot be used because of the lack of evidence that defendant is in any way familiar with the terms of the affidavit. However, in cases where the judge does sufficiently question the defendant about his affidavit, the affidavit should be permitted to cover any gaps in the colloquy.

In *Trujillo–Martinez,* the trial court asked the defendant, "Have you gone over an affidavit with your attorney?," and "Do you understand the contents of that document?" *Trujillo–Martinez,* 814 P.2d at 598. Both questions were answered in the affirmative. By doing so, the trial court was able to ascertain that Trujillo–Martinez had knowingly signed his affidavit. Furthermore, Trujillo–Martinez testified that his plea was voluntarily made. *Id.* Likewise, in *Smith,* the trial court ascertained that the plea was knowingly and voluntarily made. *Smith,* 812 P.2d at 478–79. On the other hand, in *Hoff,* there is no indication that any attempt was made by the trial court to establish that Hoff had read and understood his affidavit. Thus, even if the court had used the approach of considering the affidavit and colloquy in concert, the affidavit would have to be excluded.

Similarly, in the case at bar, the trial court's failure to adequately question Dastrup as to his knowledge and understanding of his affidavit requires reversal. There is no question that Dastrup's affidavit strictly complied with all of the Rule 11 elements. However, the plea colloquy at Dastrup's plea hearing was insufficient:

THE COURT: Is your true and correct name Mark Raymond Dastrup?

DEFENDANT: Yes, sir. It is.

THE COURT: How far did you go through school?

DEFENDANT: Through grade 12, high school.

THE COURT: Do you read and write the English language?

DEFENDANT: Yes.

THE COURT: Have you had an opportunity to talk with your attorney this morning?

DEFENDANT: Yes.

THE COURT: Do you need any additional time to talk to him before I go forward with this arraignment?

DEFENDANT: No.

THE COURT: Are you under the influence of alcohol or narcotics or suffering any mental illness?

DEFENDANT: No.

[At this time a copy of the Amended Information was given to defendant's counsel and read to defendant.]

THE COURT: Now Mr. Dastrup, it's my duty to advise you of your constitutional rights, advise you of the consequence of the matter before the court, make sure you understand them, and it's my duty to obtain a voluntary plea from you. So listen to me carefully, and if you have any questions, don't hesitate to stop me and I'll answer them.

[Defendant's charges were read to him.]

You have certain constitutional rights in this court. First, you're entitled to be represented by an attorney at every step in the proceedings, and you're represented by Mr. Hunt at this time.

You're entitled to a speedy trial by an impartial jury. You're entitled to confront and have your attorney cross examine in open court any witnesses that appear against you. You have a privilege against compulsory self incrimination. That means you don't have to testify, if you don't desire to. You may stand mute and say nothing and the burden's still upon the State of Utah to prove you guilty, beyond a reasonable doubt. Likewise, if you desire to testify, you have that right.

You have a right to compulsory process for obtaining witnesses in your defense. At the time of trial it requires a unanimous verdict by the jury to convict you, and if you are convicted, you have the right to appeal the conviction to the Court of Appeals of the State of Utah.

Now these are basically your constitutional rights. Mr. Hunt, have you advised him of these rights?

DEFENSE COUNSEL: I have your Honor.

THE COURT: In your opinion, does he understand them?

DEFENSE COUNSEL: I believe so.

THE COURT: Do you have any questions you'd like to ask me, Mr. Dastrup?

DEFENDANT: No. I don't believe so.

[The terms of the plea agreement were explained.]

THE COURT: Now Mr. Dastrup, counsel has indicated a plea bargain and the only way I'll accept this plea bargain is on the basis that you admit that you actually committed the forgeries and theft that you've been charged with and admit the allegations as set forth in the Amended Information on each of the particular facts. That's the only way I'll do it. I don't want somebody coming in and pleading in my court to something that they didn't do. Do you understand that?

DEFENDANT: Yes.

THE COURT: And likewise, I've instructed the State's Attorney in these kinds of cases I want the statement signed by the defendant in writing, and a plea agreement. I assume you have that.

PROSECUTION: We do, your Honor.

THE COURT: And I would insist that that likewise be executed in open court and that you initial each one of the paragraphs involved. I assume your attorney has advised you of that, Mr. Dastrup.

DEFENDANT: Yes, sir.

THE COURT: Now, you want me to accept this plea bargain then at this time, Mr. Dastrup?

DEFENDANT: Yes, sir.

THE COURT: Now Mr. Dastrup, do you admit that you committed the forgeries, as set forth in the amended information,

and committed the thefts on the dates, as set forth in the amended information?

DEFENDANT: Yes, sir.

[Agreement was executed by defendant and counsel.]

THE COURT: Now, let me just explain one other thing, Mr. Dastrup, before you sign this. This court takes the position as to what a person is charged with, that's up to the State of Utah to determine. In other words, the court doesn't make charges against anyone, so that's a matter for the State of Utah to determine. When it gets to the penalty phase of the case, then that's for the court to determine. That's not for counsel. So while I hear recommendations concerning the penalty phase, I'm the one that's going to have to make that determination. You've advised him of that Mr. Hunt?

DEFENSE COUNSEL: I have, your Honor.

THE COURT: And you understand that, Mr. Dastrup?

DEFENDANT: Yes. I believe so.

THE COURT: Thank you. The record should indicate that the court accepts the plea bargain.

The record should indicate that Mr. Dastrup has executed in open court a statement of the defendant concerning these offenses. I would like him to initial each one of these paragraphs, counsel.

. . . .

The court's of the opinion that the defendant has been advised of his constitutional rights, the consequence of the matter before the court. The court's of the opinion that he intelligently understands why he's here and that his plea is voluntary, and the court approves the plea bargain, as set forth by counsel.

Although the trial court even went so far as to have Dastrup initial each provision in his affidavit, there was no indication during the colloquy that Dastrup had read and understood what he was initialing. In such circumstances, we have no choice but to hold that the trial court failed to adequately question Dastrup before concluding that

Dastrup's plea was knowingly and voluntarily made. Therefore, even using the approach of considering the affidavit and colloquy in concert, I agree that this case must be reversed and remanded.

As recently as *State v. Smith*, 777 P.2d 464 (Utah 1989), the Utah Supreme Court has agreed with this approach, looking at both the affidavit and colloquy in reaching its determination that Smith's guilty plea was not knowingly and voluntarily made. *Id.* at 466. However, *Hoff* and *Maguire* go beyond this result and effectively eliminate the usefulness of affidavits in the taking of a guilty plea. *Hoff* extends the strict compliance rule of *Gibbons* to require that the judge "establish *on the record* that the defendant knowingly waived his or her constitutional rights and understood the elements of the crime." *Hoff*, 814 P.2d at 1122 (emphasis added). In so holding, the Utah Supreme Court now requires rote recitation of all of the Rule 11 elements in the colloquy, without regard to whether they are specified in the affidavit.

Requiring rote recitation of Rule 11 requirements effectively destroys the positive aspects of using an affidavit in conjunction with the colloquy. There is no longer an impetus for parties to prepare a thorough affidavit if the affidavit is to be ignored at the time of the taking of the plea. Moreover, with rote recitation becoming the rule, a new avenue to appeal the taking of guilty pleas opens. Now, despite the fact that the defendant orally waives all of his rights and says that he has done so knowingly and voluntarily, defense counsel can argue that his client felt pressured to say so or the procedure was a mere formality, and hence the judge did not actually ascertain whether such waiver was, indeed, knowing and voluntary. All of this can be avoided if an affidavit is used in concert with a thorough colloquy which includes questions as to defendant's understanding of his affidavit.

Accordingly, I concur, but with the above reservations.