STATE of Utah, Plaintiff and Petitioner,

v.

Brian E. MAGUIRE, Defendant
and Respondent.

No. 900555.

Supreme Court of Utah.

July 9, 1991.

On Petition for Rehearing
April 10, 1992.

R. Paul Van Dam, Judith S.H. Atherton, Salt Lake City, for the State.

Brian E. Maguire, pro se.

## ON CERTIORARI TO THE UTAH COURT OF APPEALS

### PER CURIAM:

On August 10, 1988, defendant Brian E. Maguire filed a motion to withdraw his no-contest plea to a charge of aggravated assault. The motion was denied. Defendant successfully appealed from the denial of that motion. In an unpublished memorandum decision, the court of appeals ruled that the trial court failed to strictly comply with rule 11 of the Utah Rules of Criminal Procedure and with *State v. Gibbons,* 740 P.2d 1309 (Utah 1987). The State petitioned for certiorari, which we granted, asking this court to decide whether the court of appeals had erroneously interpreted *Gibbons.*

In *Gibbons,* this court adopted a "strict compliance" test which superseded the "record as a whole" test traditionally applied on review in cases dealing with knowing and voluntary guilty pleas.

On July 3, 1991, this court issued its decision in *State v. Hoff,* 814 P.2d 1119 (Utah 1991), which is dispositive of the issue presented in this case.

The decision of the court of appeals vacating defendant's conviction and remanding the case for a withdrawal of plea is affirmed.

## ON PETITION FOR REHEARING

### DURHAM, Justice:

Without granting the State's request for rehearing, this court accepts the State's invitation to discuss more fully the test to be applied in reviewing the validity of a post-*Gibbons* guilty plea. The State has posed a stark dichotomy between the post-*Gibbons* "strict compliance" test and the pre-*Gibbons* "record as a whole" test for adherence to rule 11 requirements, arguing by implication that the two tests are incompatible.

■ We reject the dichotomy [1] and restate our holding that (1) strict compliance with the elements of rule 11 is required in the taking of guilty pleas and (2) said compliance may be demonstrated on appeal by reference to the record of the plea proceedings. When plea affidavits are properly incorporated in the record (as when the trial judge ascertains in the plea colloquy that the defendant has read, has understood, and acknowledges all the information contained therein), they may properly form a part of the basis for finding rule 11 compliance. As the court of appeals recently observed in *State v. Smith:*

It is critical, however, that strict Rule 11 compliance be demonstrated on the record at the time the ... plea is entered. Therefore, if an affidavit is used to aid Rule 11 compliance, it must be addressed during the plea hearing. The trial court must conduct an inquiry to establish that the defendant understands the affidavit and voluntarily signed it.... Any omissions or ambiguities in the affidavit must be clarified during the plea hearing, as must any uncertainties raised in the course of the plea colloquy. Then the

---

1. The proper distinction is between our post-*Gibbons* "strict compliance" test and the pre-*Gibbons* "substantial compliance" test. *See State v. Hoff,* 814 P.2d 1119, 1122–23 (Utah 1991). Both tests require an appellate court to review the record as a whole, although it is possible that the definition of the "record as a whole" under the substantial compliance test might be broader (including information in the case known to the defendant but not to the judge taking the plea—e.g., evidence at preliminary hearing, confessions, etc.) than it is under the strict compliance test. We do not decide that issue now.

affidavit itself, signed by the required parties, can be incorporated into the record. The efficiency-promoting function of the affidavit is thereby served, in that the court need not repeat, verbatim, Rule 11 inquiries that are clearly posed and answered in the affidavit, unless Rule 11 by its terms specifically requires such repetition.

812 P.2d 470, 477 (Utah Ct.App.1991) (citations omitted), *cert. denied* (Feb. 28, 1992).

■ Rule 11 requires the trial court to find that seven detailed and specific criteria have been fulfilled. Utah R.Crim.P. 11(5)(a)-(g). The record before an appellate court must contain a basis for such findings, but that record may reflect such a basis by multiple means, e.g., transcript of the oral colloquy between the court and defendant, contents of a written affidavit that the record reflects was read, understood, and acknowledged by defendant and the court, contents of other documents such as the information, presentence reports, exhibits, etc., similarly incorporated into the record, and so on. The State's argument has implied that this court's strict compliance test requires a time-consuming, mechanical oral recitation of each element mentioned in rule 11.[2] We hope to make clear that strict compliance can be accomplished by multiple means so long as no requirement of the rule is omitted and so long as the record reflects that the requirement has been fulfilled.

As we noted in *State v. Hoff,* 814 P.2d at 1123, *"Gibbons* was indeed intended to change both the practice and the standard

for taking guilty pleas." What we said in *Hoff* about the substantial compliance test (namely, that its presence would "necessarily turn on the facts of each case," *id.* at 1125) is equally applicable to the strict compliance test we apply in post-*Gibbons* pleas and to this case. On the facts of this case, there was insufficient compliance with rule 11 to sustain the entry of the guilty plea, and we reaffirm our earlier reversal of defendant's conviction.

HALL, C.J., HOWE, Associate C.J., and ZIMMERMAN, J., concur.

STEWART, J., concurs in the result.

**2.** The State is not alone in its extrapolation from our holdings. The court of appeals seems to have taken the same rigid view of this court's position in its opinion in *State v. Dastrup,* 818 P.2d 594 (Utah Ct.App.1991), *cert. denied* (Feb. 28, 1992). The majority opinion claims, "Although the better approach may be to consider the colloquy and the affidavit in unison ..., the supreme court has precluded ... such an approach." *Id.* at 596. The concurring opinion describes "the approach recently taken by the Utah Supreme Court ... to require that all of the elements of [rule 11(5)] be expressly addressed in the plea colloquy, without regard to whether they are present in the affidavit." *Id.* (Russon, J., concurring). The court of appeals has misread our reference in *Hoff* to "the

record" and has apparently construed "the record" to mean only the transcript of the oral plea colloquy, thereby concluding that "the trial court must base its findings solely on the colloquy, without considering any statements made in the affidavit," *id.,* and that this court "now requires rote recitation of all of the Rule 11 elements in the colloquy, without regard to whether they are specified in the affidavit," *id.* at 599 (Russon, J., concurring). We reject that limitation and hope to clarify in this opinion that the record may include the contents of documents where they have been properly incorporated and it is clear that they are indeed part of the defendant's knowledge and understanding.