2003 UT App 333

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert Lynn HUMPHREY, Defendant and Appellant.**

No. 20020306–CA.

Court of Appeals of Utah.

Oct. 9, 2003.

Edward K. Brass, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BILLINGS, Associate P.J.,
BENCH, and DAVIS, JJ.

## OPINION

BENCH, Judge:

¶1 Defendant Robert Humphrey appeals from the trial court's order denying a motion to withdraw his guilty plea to two counts of attempted sexual abuse of a child, in violation of Utah Code Ann. § 76–5–404(1) (1999). Humphrey asserts that the trial court erred in denying the motion to withdraw without entering findings of fact. We agree and remand.

## BACKGROUND

¶2 Humphrey was living with his wife, three daughters, and a stepdaughter when the stepdaughter alleged sexual misconduct by Humphrey. Humphrey was originally charged with one count of sodomy on a child and one count of aggravated sexual abuse of a child, both first degree felonies.

¶3 On the morning set for trial, Humphrey decided to plead guilty to two amended counts of attempted sexual abuse of a child, both third degree felonies. Under the plea, the parties agreed to recommend that, at sentencing, the court should comply with the prior orders of the juvenile court. They further agreed to leave any incarceration decision up to the court. The State also agreed not to oppose probation.

¶4 Before entering his plea, Humphrey reviewed and signed a plea affidavit. The affidavit set forth the elements of the crimes to which Humphrey was pleading guilty and an admission that he was entering his plea knowingly and voluntarily. He then engaged in a Rule 11 colloquy with the court. Humphrey confirmed that he had discussed the plea offer with his attorney, had reviewed the plea affidavit before signing it, and was not under the influence of any drugs or alcohol. Humphrey did not, however, admit guilt. The court articulated the penalties for each of the counts to which Humphrey was pleading guilty and asked Humphrey whether he understood the penalties. He replied in the affirmative.

¶5 After the court was satisfied that Humphrey understood the plea, it accepted Humphrey's guilty plea. The court then ordered Adult Probation and Parole to prepare a presentence investigation report. The report ultimately recommended probation with six months in jail and work release, successful completion of a sex offender treatment program, and various other conditions. When Humphrey attempted to enroll in a sex offender program, he learned that unless he admitted guilt, he could not receive the required treatment. Humphrey then decided to file a motion to withdraw his plea.

¶6 The motion to withdraw asserted that Humphrey's ability to rationally assess his choices had been impaired by extreme emotional distress, that he believed the plea would allow him to be reunited with his family, and that the recommendations in the presentence investigation report contradicted the plea agreement.

¶7 At the hearing on the motion to withdraw, Humphrey argued that his plea was not knowing and voluntary. He testified about his mental state on the morning he entered the plea and offered correspondence from a social worker who had counseled him. The trial court concluded that Humphrey had entered his plea knowingly and voluntarily and denied his motion to withdraw his plea.

¶8 On appeal, Humphrey argues that (1) the trial court abused its discretion in denying the motion to withdraw without making factual findings, and (2) in the alternative, the trial court erred in denying the motion to withdraw on the basis of plain error and ineffective assistance of counsel. Because we hold that the trial court abused its discretion by not entering detailed findings of fact based on the evidence presented at the hearing on the motion to withdraw, we remand.

## STANDARD OF REVIEW

¶9 On appeal, the trial court's denial of a motion to withdraw a guilty plea will not be disturbed "unless it clearly appears that the trial court abused its discretion." *State v. Trujillo–Martinez*, 814 P.2d 596, 599 (Utah Ct.App.1991).

## ANALYSIS

¶ 10 In Utah, "[a] plea of guilty ... may be withdrawn only upon good cause shown and with leave of the [trial] court." Utah Code Ann. § 77–13–6(2)(a) (1999). In the past, we have held that Rule 11 of the Utah Rules of Criminal Procedure creates "a presumption the plea was entered voluntarily" and "[g]ood cause exists where the plea was entered involuntarily." *State v. Thorup*, 841 P.2d 746, 748 (Utah Ct.App.1992). In *Thorup*, we confirmed that compliance with Rule 11 is not dispositive in determining a motion to withdraw a plea. A defendant can show good cause by putting forth evidence that the plea was in fact involuntary. *See State v. Benvenuto*, 1999 UT 60, ¶ 13, 983 P.2d 556. Once such evidence is presented to the court, the court needs to assess the credibility of the evidence and make detailed findings on all relevant facts. *See id.* Rule 12(c) of the Utah Rules of Criminal Procedure requires the trial court to state its findings on the record "where factual issues are involved in determining a motion." Furthermore, the trial court's findings must be sufficiently detailed to allow the appellate court the opportunity to adequately review the trial court's decision. *See State v. Marshall*, 791 P.2d 880, 882 (Utah Ct.App.1990).

¶ 11 At the hearing on the motion to withdraw, Humphrey offered evidence from two sources to show good cause that his plea was not voluntary: (1) his own testimony about his state of mind during the plea colloquy, and (2) a letter from a social worker. However, the record is unclear as to whether the court made the necessary credibility assessment and factual determinations based on this evidence. At the conclusion of the hearing, the court merely stated as follows:

> [M]y observations of the defendant at the time was that he understood what he was doing; that he didn't appear to me to be under any more duress.... I'm going to deny the motion because I believe that [it] hasn't met the objective standard and I believe that anything that has been done here as the evidence today doesn't rise to a level that would make me ... both according to law [and] good conscience, you know, grant the motion to withdraw the

guilty plea. And so if people disagree with that, you know, let's have the Supreme Court or the Court of Appeals say that I'm wrong.

¶ 12 The court's conclusion suggests that (1) the court felt that it was appropriate to apply an objective standard, and, accordingly, (2) the court was uncertain whether it could consider the new evidence instead of solely relying on observations at the plea colloquy, and (3) most importantly, the court did not enter any detailed factual findings as to the evidence Humphrey presented at the hearing on his motion to withdraw the plea. In order for us to review the ruling of the trial court, we need more explicit findings on the evidence presented. *See id.*

## CONCLUSION

¶ 13 We remand the case so the trial court can make the necessary factual findings to support its ruling on Humphrey's motion to withdraw his plea.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and JAMES Z. DAVIS, Judge.