**STATE of Utah, Plaintiff and Appellee,**

v.

**Rick Keith HICKMAN, Defendant and Appellant.**

**STATE of Utah, Plaintiff and Appellee,**

v.

**Dean Keith HICKMAN, Defendant and Appellant.**

Nos. 880305, 880362.

Supreme Court of Utah.

Aug. 17, 1989.

Rick Keith Hickman, pro se.

Dean Keith Hickman, pro se.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

PER CURIAM:

Defendants appeal from the denial of their motions to set aside their guilty pleas to charges of aggravated robbery, Utah Code Ann. § 76-6-302 (1978). We affirm the trial court's rulings.

Defendants are two of three brothers who were involved in the forced entry of a residence in Salt Lake City in November of 1984. According to the probable cause statement, defendants were armed with sawed-off shotguns and shot one victim at close range when he resisted their demands to empty pockets of personal belongings. Defendants were later charged with attempted first degree murder, aggravated burglary and aggravated robbery. In January of 1985, defendants pleaded guilty to aggravated robbery pursuant to a plea agreement that dismissed the other two counts as well as unrelated charges. In a consolidated hearing before the trial court, defendants moved to withdraw their guilty pleas in July of 1988. The motions were denied, and defendants appealed separately. This Court again consolidated the two cases.

We uphold the trial court's denial of a motion to withdraw a guilty plea absent abuse of discretion. *State v. West,* 765 P.2d 891 (Utah 1988); *State v. Mildenhall,* 747 P.2d 422 (Utah 1987).

Defendants contend that it was error for the trial court to accept their guilty pleas to aggravated robbery, because no property was actually taken from the victims. Consequently, they say, no factual basis existed for the plea. In support of that claim, defendants point to a separate hearing before the same trial judge, where their brother Boyd successfully argued that no property was actually taken during the holdup and where the trial court allowed the guilty plea to be withdrawn. Defendants fail to acknowledge that they were armed, whereas their brother was not. That factual distinction is dispositive here.

In *State v. Cantu,* 750 P.2d 591, 593 (Utah 1988), the defendant similarly attacked his conviction of aggravated robbery on the ground that nothing had been taken from the person or immediate presence of the victim. He argued that that taking was an element that had to be proved in order to establish the offense. We responded in language that ends the inquiry on the same issue now before us:

We do not agree. Aggravated robbery is defined in Utah Code Ann. § 76-6-302 (1978):

(1) A person commits aggravated robbery if *in the course of committing robbery,* he:

(a) Uses a firearm or a facsimile of a firearm, knife or a facsimile of a knife or a deadly weapon; or

(b) Causes serious bodily injury upon another.

. . . .

(3) For the purposes of this part, *an act shall be deemed to be "in the course of committing a robbery" if it occurs in an attempt to commit,* during the commission of, or in the immediate flight after the attempt or commission of a robbery.

(Emphasis added.) Our statutory scheme does not require proof of all elements necessary to prove a robbery, specifically, a taking from the "person, or immediate presence," to establish the "in the course of committing a robbery" requirement of aggravated robbery. So long as there is an *attempt,* coupled with the use of a firearm, knife, facsimile thereof, or another deadly weapon, or the accused causes serious bodily injury, the elements of aggravated robbery are satisfied.

■ Defendants' entry into the home of the victims with sawed-off shotguns constituted the attempt, since it was a "substantial step towards the commission of the offense" under Utah Code Ann. § 76–4–101 (1978). That action also satisfied the element of "in the course of committing a robbery" under section 76–6–302(1). The actual shooting satisfied both subsections (a) and (b) of that same section, thus constituting the elements of aggravated robbery that provided the factual basis for the convictions.

Defendants also claim that an attempt at aggravated robbery, defined under section 76–4–102(2), reduces a felony of the first degree to a felony of the second degree and that they were therefore improperly sentenced to a first degree felony. We need not address that issue, inasmuch as defendants were properly convicted of aggravated robbery, as stated above.

■ Defendant Dean Keith Hickman also claims that the trial court failed to ask him, before accepting his plea, whether his plea of guilty was entered free from threats, promises, and inducements, as required by rule 11(e)(4), (6), and (f) of the Rules of Criminal Procedure, as well as by rule 3.6 of the Rules of Practice. He cites *State v. Gibbons,* 740 P.2d 1309 (Utah 1987),[1] which places the burden of establishing compliance with these requirements on the trial court. Although it is true that the trial court did not specifically ask Dean "whether any force or threats or any promises, apart from plea agreement, were used to obtain the plea," Rule of Practice 3.6(B), that omission was the only one that could be ascribed to the trial judge. The affidavit signed by Dean did contain the language, and the trial court asked defendant whether he had read it and then stated that based on the questions he had asked Dean, he found that Dean had entered the plea freely and voluntarily. The trial court then witnessed the affidavit previously signed by Dean. The record as a whole thus affirmatively establishes that Dean entered his guilty plea free from threats or promises. *Warner v. Morris,*[2] 709 P.2d 309 (Utah 1985) (citing *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747

---

1. *State v. Gibbons* had not been decided at the time defendants entered their pleas. This Court has previously stated that when a new rule of criminal procedure constitutes a clear break with the past, it will not be applied retroactively. *State v. Norton,* 675 P.2d 577 (Utah 1983), *cert. denied,* 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 470 (1984), *overruled on other grounds, State v. Hansen,* 734 P.2d 421 (Utah 1986); *accord State v. Vasilacopulos,* 756 P.2d 92 (Utah App.1988); *see also State v. Jonas,* 725 P.2d 1378 (Utah 1986) (discretionary use of cau-

tionary eyewitness instruction applied, where case was tried before *State v. Long,* 721 P.2d 483 (Utah 1986), which mandated use, prospectively, of cautionary instruction whenever eyewitness identification is a central issue).

2. Although this case, too, was decided after defendants' entries of pleas, it nonetheless applied the standard required by *Alford, Brady,* and *Boykin,* decided prior to defendants' pleas.

(1970); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

The denial of defendants' motions for withdrawal of guilty pleas is affirmed.

STEWART, J., concurs in the result.