**STATE of Utah, Plaintiff and Appellee,**

v.

**Rick B. ABEYTA, Defendant and Appellant.**

**No. 920557.**

Supreme Court of Utah.

May 5, 1993.

R. Paul Van Dam, Atty. Gen., Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Paul Gotay, Murray, for defendant and appellant.

PER CURIAM:

Defendant Rick B. Abeyta appeals from the trial court's dismissal of his motion to withdraw his guilty plea. We vacate the order of dismissal and remand the case for further proceedings.

In March of 1988, Abeyta pleaded guilty to aggravated robbery in exchange for the State's promise to drop two other charges against him. Abeyta signed an affidavit and appeared with counsel to change his plea from not guilty to guilty. The trial court asked Abeyta if he had had an opportunity to go over the affidavit and if he understood its contents. The court said that a plea of guilty meant that Abeyta would be "waiving certain valuable constitutional rights," including the right to a jury trial, the right to cross-examine witnesses, the right to appeal an adverse jury verdict, and the right to require the State to prove beyond a reasonable doubt all the elements of the crime with which he was charged. The court then asked Abeyta if he had been promised anything other than the plea bargain itself and if he had been threatened into entering the plea. It also asked Abeyta if he was entering the plea of his own free will. Abeyta responded that he knew and understood the contents of the affidavit, understood that he waived his constitutional rights, had not received any promises, and was pleading without threat and of his own free will.

The court next asked counsel for both sides whether they were satisfied with the statements contained in the form affidavit. The State responded that "there is a statement of facts, although not a separate statement of elements, but a statement of facts concerning the case, would contain the elements necessary to support the charge of 'aggravated robbery.'" Abeyta's counsel said that he was satisfied and had executed the affidavit. The court also executed the affidavit. Under "Elements" and "Facts" was the following language:

> On June 16, 1987, Ricky Brad Abeyta, a party to the offense unlawfully and intentionally took personal property from the immediate presence of Melvin Stuck, against his will by the use of a deadly weapon, to-wit a knife.

Abeyta was sentenced to a prison term of five years to life.

In February of 1991, Abeyta moved to withdraw his guilty plea on the ground that the trial court had failed to advise him of the elements of the crime with which he had been charged. Relying on Utah Code Ann. § 77–13–6(2)(b) (1989) (the plea statute), the trial court dismissed the motion for lack of jurisdiction inasmuch as it was brought more than thirty days after the entry of Abeyta's plea.

Abeyta appealed, but the case was dismissed for nonfinality as no written order had been entered. Abeyta eventually brought a writ of mandamus asking this court to direct the trial court to enter a written order. The writ was dismissed as moot when the trial court signed the order. Abeyta appealed to the court of appeals, which reinstated the previous appeal under rule 4(c) of the Utah Rules of Appellate Procedure.

The court of appeals eventually transferred the case to this court when it realized that it lacked jurisdiction. We ratify the court of appeals' reinstatement of the appeal and assume jurisdiction under Utah Code Ann. § 78–2–2(3)(i).

Both Abeyta, pro se, and Abeyta's counsel have filed briefs on appeal. We find the issues raised by Abeyta pro se dispositive and limit our discussion to them.

Abeyta claims that the trial court erred in barring his motion as untimely because he had not been advised of the time limit when he entered his plea.[1] Abeyta also claims that the trial court did not comply strictly with the requirements of rule 11 of the Utah Rules of Criminal Procedure and thus committed reversible error when it failed to advise him of the charge to which he was entering a guilty plea.

---

1. Utah Rule of Criminal Procedure 11(6), effective April 24, 1989, provides:

   Failure to advise the defendant of the time limits for filing any motion to withdraw a plea of guilty or no contest is not a ground for setting the plea aside, but may be the ground

for extending the time to make a motion under Section 77–13–6.

We do not address this amendment because it was not in effect at the time at issue here and because we dispose of Abeyta's issues on other grounds.

The State responds that the trial court properly applied the new plea statute [2] retroactively, as it was procedural in nature. In any event, continues the State, Abeyta is not without a remedy, as the plea statute permits a collateral attack on his conviction.[3]

We begin with the threshold issue of the trial court's jurisdiction. At the time Abeyta entered his plea, section 77–13–6(2) read: "A plea of not guilty may be withdrawn at any time prior to conviction. A plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of court." Utah Code Ann. § 77–13–6(2) (1980). Approximately one year after Abeyta pleaded guilty, the relevant portion of that statute was amended to read, "A request to withdraw a plea of guilty or no contest is made by motion, and shall be made within 30 days after entry of the plea." *See supra* note 2.

■ The law is well settled in this state that amendments to statutes are prospective only unless expressly made retroactive. "[N]o part of these revised statutes is retroactive, unless expressly so declared." Utah Code Ann. § 68–3–3 (1986). The amendment to section 77–13–6 contains no express language of retroactivity. However, exceptions to nonretroactivity exist for statutes that are procedural or remedial in nature. "A statute is considered procedural or remedial, as opposed to substantive, if the statute does not enlarge, eliminate, or destroy vested rights." *Smith v. Cook*, 803 P.2d 788, 792 (Utah 1990).

■ The amendment to the plea statute limits a defendant's right to withdraw his or her guilty plea to thirty days after entry of the plea. Thereafter, the right is extinguished. The amendment is therefore substantive, not procedural, as argued by the State, and may not be applied retroactively. Utah Code Ann. § 68–3–3. We conclude that the trial court erred in barring Abeyta's motion to withdraw the guilty plea, as the amendment did not apply.

■ We next turn to Abeyta's contention that the trial court committed reversible error in that it did not comply strictly with rule 11 of the Utah Rules of Criminal Procedure in accepting Abeyta's plea. We note at the outset that this case is governed by *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), inasmuch as Abeyta pleaded guilty after *Gibbons* was decided and strict compliance with rule 11 is therefore mandated. The strict compliance rule first articulated by this court in *Gibbons* constituted "a clear break with the past." *State v. Hickman*, 779 P.2d 670, 672 n. 1 (Utah 1989); *State v. Maguire*, 830 P.2d 216 (Utah 1992); *State v. Hoff*, 814 P.2d 1119, 1123 (Utah 1991). *Gibbons* requires that the trial court personally establish that the defendant's guilty plea is truly knowing and voluntary and establish *on the record* that the defendant knowingly waived his or her constitutional rights and understood the elements of the crime.

■ Before accepting his plea, the trial court did not ask Abeyta *on the record* whether he understood the nature and elements of the offense, as required by rule 11(5)(d) of the Utah Rules of Criminal Procedure. After Abeyta pleaded guilty, the State asked to approach the bench. The court then inquired whether both counsel were satisfied as to the statements contained in the affidavit. The State said that it was satisfied that the statement of facts listed the elements necessary to support the charge of aggravated robbery, and defense counsel likewise said that he was satisfied. Without informing Abeyta of the elements of the offense which the State had the burden of proving beyond a reasonable doubt, the court then signed the affidavit.

---

2. Utah Code Ann. § 77–13–6(2) (1989) reads:

    (a) A plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of the court.
    (b) A request to withdraw a plea of guilty or no contest is made by motion, and shall be made within 30 days after the entry of the plea.

3. Utah Code Ann. § 77–13–6(3) reads, "This section does not restrict the rights of an imprisoned person under Rule 65B(i), Utah Rules of Civil Procedure."

In *Maguire,* this court rejected the notion that the trial court should be rigidly tied to the colloquy with the defendant and relegated to rote recitation of the rule 11 elements when entertaining a plea. We allowed the record to "include the contents of documents where they have been properly incorporated, and it is clear that they are indeed part of the defendant's knowledge and understanding." 830 P.2d at 218 n. 2.

Because the trial court dismissed Abeyta's motion to withdraw his guilty plea on jurisdictional grounds, it never reached the issue of whether the elements of the offense contained in the affidavit were sufficiently addressed to refute Abeyta's contention that his plea was not knowing and voluntary. We therefore vacate the dismissal and remand this case to the trial court for an evidentiary hearing on that issue.

STEWART, Justice (concurring in the result):

I agree that this case should be remanded for further proceedings to determine whether, on the basis of the entire record before the trial court, the defendant in fact knew and understood the elements of the charged offense *and* admitted to having committed acts that constitute the elements of the charged offense. *See State v. Maguire,* 830 P.2d 216 (Utah 1992); *State v. Hoff,* 814 P.2d 1119 (Utah 1991); *State v. Gibbons,* 740 P.2d 1309 (Utah 1987). That requirement is absolutely essential to a valid guilty plea.

*Gibbons* was intended to do away with the practice of accepting a guilty plea based on the submission of a plea affidavit to a trial judge who asked the defendant only whether he was familiar with the contents of the affidavit, which was usually written by an attorney. That practice is neither lawful under Rule 11 of the Utah Rules of Criminal Procedure nor constitutional under *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *see also Hoff,* 814 P.2d at 1123.

Trial courts may use a plea affidavit to facilitate the taking of a plea, but a trial judge cannot discharge his legal duty merely by accepting such an affidavit with the defendant's acknowledgement that he executed it and that the affidavit is true. In *Maguire,* we again described the duties of the trial judge by quoting language from the court of appeals' opinion in *State v. Smith:*

> It is critical, however, that strict Rule 11 compliance be demonstrated on the record at the time the . . . plea is entered. Therefore, if an affidavit is used to aid Rule 11 compliance, it must be addressed during the plea hearing. The trial court must conduct an inquiry to establish that the defendant understands the affidavit and voluntarily signed it. . . . Any omissions or ambiguities in the affidavit must be clarified during the plea hearing, as must any uncertainties raised in the course of the plea colloquy. Then the affidavit itself, signed by the required parties, can be incorporated into the record. The efficiency-promoting function of the affidavit is thereby served, in that the court need not repeat, verbatim, Rule 11 inquiries that are clearly posed and answered in the affidavit, unless Rule 11 by its terms specifically requires such repetition.

*Maguire,* 830 P.2d at 217–18 (quoting *State v. Smith,* 812 P.2d 470, 477 (Utah Ct.App. 1991)).

The trial court must be a direct participant in assuring compliance with the requirements of Rule 11 and the Constitution. *See Gibbons,* 740 P.2d at 1312–13; *Hoff,* 814 P.2d at 1123; *see also Boykin,* 395 U.S. at 243–44, 89 S.Ct. at 1712.[1] One essential point established in *Gibbons* was that the law "squarely places on trial

---

1. In *Boykin,* the Court stated:
   What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought and forestalls the spin-off of collateral proceedings that seek to probe murky memories.
   395 U.S. at 243–44, 89 S.Ct. at 1712 (citations omitted).

courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered." *Gibbons*, 740 P.2d at 1312.

