*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2016 UT 35**

IN THE

**SUPREME COURT OF THE STATE OF UTAH**

SHANELLE GAILEY,
*Appellant*,

*v.*

STATE OF UTAH,
*Appellee.*

No. 20130637
Filed August 01, 2016

On Certification from the Court of Appeals

Third District, Salt Lake
The Honorable James T. Blanch
No. 131902636

Attorneys:

Catherine E. Lilly, Nathalie S. Skibine,
Salt Lake City, for appellant

Sean D. Reyes, Att'y Gen., Christopher D. Ballard,
Asst. Att'y Gen., for appellee

JUSTICE DURHAM authored the opinion of the Court,
in which JUSTICE HIMONAS and JUSTICE PEARCE joined.

ASSOCIATE CHIEF JUSTICE LEE filed an opinion concurring in the
judgment, in which CHIEF JUSTICE DURRANT joined.

JUSTICE DURHAM, opinion of the Court:

**INTRODUCTION**

¶1    Over the course of a few hours on June 17, 2013, defendant
Shanelle Gailey entered her initial appearance in the district court for
burglary-related charges, was appointed counsel, waived her right to
a preliminary hearing and trial, pled guilty, waived the waiting
period for sentencing, and received judgment and sentence.

¶2    Ms. Gailey now wishes to challenge her plea as unknowing and involuntary, but Utah Code section 77-13-6 (Plea Withdrawal Statute) cuts off a defendant's right to a direct appeal once sentencing is announced, requiring the defendant instead to pursue plea withdrawal claims collaterally through the Post-Conviction Remedies Act (PCRA). Ms. Gailey argues—contrary to our caselaw—that the Plea Withdrawal Statute does not cut off her right to a direct appeal, but merely allows a defendant to pursue either a direct appeal or postconviction relief. If the statute does in fact preclude a direct appeal, then Ms. Gailey argues that the statute is unconstitutional because article I, section 12 of the Utah constitution provides that "[i]n criminal prosecutions the accused shall have . . . the right to appeal in all cases" and she claims that the PCRA remedy is not an adequate substitute for a direct appeal.

¶3    We reaffirm our caselaw and conclude that the Plea Withdrawal Statute bars direct appeals once sentencing takes place, and requires defendants to pursue postconviction relief. We also determine that Ms. Gailey's constitutional right to an appeal has not been violated—the Plea Withdrawal Statute does not altogether foreclose the right to an appeal; rather, it provides an alternative procedural route for challenging a plea. Although Ms. Gailey also argues that she could hypothetically be denied state-paid counsel or the effective assistance of counsel in the PCRA proceeding, which she claims would render such a proceeding an inadequate substitute for an ordinary appeal, she has not chosen to pursue such a proceeding and therefore these claims are not ripe for our review.

## BACKGROUND

¶4    The State charged Ms. Gailey with burglary, theft, and criminal mischief for allegedly breaking into her mother's home and stealing cash and her mother's car keys. Ms. Gailey's case was assigned to Early Case Resolution (ECR) Court. On June 17, 2013, Ms. Gailey entered her initial appearance, was appointed counsel, and waived her right to a preliminary hearing. After the State agreed to drop two of the charges and reduce the burglary charge to criminal trespass, Ms. Gailey agreed to plead guilty.

¶5    A person may be guilty of criminal trespass under Utah Code section 76-6-206(2)(a) if she "enters or remains unlawfully on property and . . . intends to cause [an] annoyance." Ms. Gailey's plea affidavit stated that "On March 13, 2013, in Salt Lake County, Shanelle Gailey unlawfully entered onto another's property intending to cause an annoyance." Ms. Gailey's counsel read this

statement to the court and the judge asked Ms. Gailey if that was what happened. The following exchange then took place:

> DEFENDANT GAILEY: Not exactly but it's my mother's house, I stayed there but I did annoy her. I will say that, didn't intend to but I did.

> THE COURT: So it sounds like you started by saying that you didn't really do it and then you came around and those facts are basically the facts of the case?

> DEFENDANT GAILEY: Yeah, they are.

> THE COURT: So do you admit that those facts that your counsel described are essentially what happened in the case?

> DEFENDANT GAILEY: Yes.

> THE COURT: Okay. And are you pleading guilty to the charge because you're guilty of it?

> DEFENDANT GAILEY: Yes.

¶6 The judge informed Ms. Gailey that by pleading guilty she would be giving up "important constitutional rights," including the right to trial and the right to appeal any conviction at trial to an appellate court. The judge also advised Ms. Gailey that by waiving the minimum two-day waiting period for sentencing she would waive any chance she would otherwise have to withdraw her guilty plea. Ms. Gailey indicated that she understood and the court then entered judgment and sentence.

¶7 Ms. Gailey filed a notice of appeal without filing a motion to withdraw her plea. The court of appeals *sua sponte* offered a motion for summary disposition "on the basis that th[e] court lacks jurisdiction because there was no timely motion to withdraw the guilty plea." Ms. Gailey then "assert[ed] that the nature of the court process under which her case proceeded precludes meeting the requirements for perfecting an appeal, and . . . there are constitutional issues implicated by the process." In response, the court of appeals issued an order withdrawing the motion for summary disposition, and ordered that the case would go forward solely on the jurisdictional and constitutional questions raised. The court of appeals certified the case to this court. We have jurisdiction under Utah Code section 78A-3-102(3)(b).

## STANDARD OF REVIEW

¶8 "Whether appellate jurisdiction exists is a question of law which we review for correctness . . . ." *Migliore v. Livingston Fin.,*

*LLC*, 2015 UT 9, ¶ 15, 347 P.3d 394 (citation omitted). The constitutionality of a statute is also a question of law reviewed for correctness. *Injured Workers Ass'n v. State*, 2016 UT 21, ¶ 12, ---P.3d---.

## ANALYSIS

¶9    Article I, section 12 of the Utah constitution provides that "[i]n criminal prosecutions the accused shall have . . . the right to appeal in all cases." This right is not unlimited, however, as "the appeal must be taken within such limitations and restrictions as to time and orderly procedure as the Legislature may prescribe." *Weaver v. Kimball*, 202 P. 9, 10 (Utah 1921). One such limitation is Utah Code section 77-18a-1(1)(a), which permits defendants an appeal "as a matter of right . . . [from] a final judgment of conviction, whether by verdict or plea."

¶10    The Plea Withdrawal Statute further limits a defendant's right to appeal by requiring the defendant to either withdraw the plea prior to sentencing, or pursue postconviction relief after sentencing. Ms. Gailey argues that the Plea Withdrawal Statute provides postconviction relief as a permissive alternative to pursuing a direct appeal, not a mandatory replacement. She contends that "[t]here is nothing in the language of the [Plea Withdrawal Statute] that explicitly strips courts of jurisdiction," and that our caselaw has mistakenly interpreted the statute as requiring defendants to pursue postconviction relief exclusively.

¶11    We use this opportunity to clarify and reaffirm our precedent holding that the Plea Withdrawal Statute is a procedural bar to a direct appeal post-sentencing. We next consider Ms. Gailey's constitutional arguments, and conclude that the Plea Withdrawal Statute does not on its face violate the constitutional right to appeal, because it provides a mechanism for review of and relief from an unknowing or involuntary plea, including appellate review. Finally, we conclude that this statute is not unconstitutional as applied to Ms. Gailey as she has not yet encountered any deficiencies—specifically, the deprivation of state-paid counsel or ineffective assistance of counsel —associated with pursuing postconviction relief. While the PCRA does not require an attorney to be appointed, the judge may nevertheless choose to appoint one for the defendant. And while effective assistance of counsel is not mandated in postconviction proceedings, Ms. Gailey has not pursued this remedy and we therefore do not know whether she would encounter ineffective assistance of counsel. Thus, these claims are not ripe for review.

## I. THE PLEA WITHDRAWAL STATUTE PROCEDURALLY REQUIRES DEFENDANTS TO PURSUE POSTCONVICTION RELIEF POST-SENTENCING

¶12 The legislature enacted the Plea Withdrawal Statute in 1980, with two significant substantive amendments in 1989 and 2003. The 1980 version of the statute did not include a time limitation for withdrawing a guilty plea; instead it provided that a "plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of court." UTAH CODE § 77-13-6 (1982); *see Grimmett v. State*, 2007 UT 11, ¶ 11, 152 P.3d 306; *State v. Abeyta*, 852 P.2d 993, 994–96 (Utah 1993) (per curiam) (allowing the defendant to withdraw a guilty plea almost three years post-sentencing). Under the 1980 version of the statute, "even when a judge found that a plea *was* knowingly and voluntarily entered, he or she still retained broad discretion to determine whether other circumstances in the case constituted good cause for allowing the defendant to withdraw his plea." *State v. Ruiz*, 2012 UT 29, ¶ 31, 282 P.3d 998.

¶13 But in 1989 the legislature amended the statute and created a thirty-day filing limitation on the defendant's right to withdraw a guilty plea. UTAH CODE § 77-13-6(2)(b) (1989). The statute provided that this thirty-day limitation began to run at the "entry of the plea," which we interpreted as referring to thirty days after the entry of final judgment, and not thirty days from the plea colloquy. *State v. Ostler*, 2001 UT 68, ¶ 11, 31 P.3d 528.

¶14 In *State v. Abeyta*, we remarked that after this thirty-day period, "the right [to withdraw a guilty plea] is extinguished." 852 P.2d at 995. Although we later characterized this statement in *Abeyta* as dictum, we reaffirmed the principle in several cases and expressly held the thirty-day limit to be a procedural bar to plea withdrawals and appeals from guilty pleas. *See Ostler*, 2001 UT 68, ¶ 10 (noting that if a defendant misses the thirty-day filing deadline, it would "deprive the district court of the power to review a plea"); *State v. Reyes*, 2002 UT 13, ¶ 3, 40 P.3d 630 ("[B]ecause Reyes did not move to withdraw his guilty plea within thirty days after the entry of the plea, we lack jurisdiction to address the issue on appeal."); *State v. Merrill*, 2005 UT 34, ¶ 17, 114 P.3d 585 ("Although the retroactive promotion of dictum to holding is a practice we do not endorse, we neither apologize for our assessments of the jurisdictional nature of the thirty-day filing period in *Abeyta* and *Ostler* nor retreat from what is clearly our holding in *Reyes*, all of which imposes a jurisdictional bar on late-filed motions to withdraw guilty pleas."); *Grimmett*, 2007 UT 11, ¶ 12 ("Section 77–13–6, however, was amended by the legislature in 1989 to impose a strict jurisdictional time limit.").

¶15    In 2003, the legislature made the most recent substantive amendments to the Plea Withdrawal Statute by incorporating two major changes. First, the legislature removed the thirty-day filing deadline, and instead required that a "request to withdraw a plea of guilty . . . shall be made by motion before sentence is announced." UTAH CODE § 77-13-6(2)(b). Second—and for the first time in the statute's history[1]—the legislature provided a procedural remedy for relief where the defendant wishes to challenge a guilty plea but has missed the deadline. This remedy requires that any post-sentencing plea withdrawal challenges "shall" be pursued through postconviction relief in accordance with the PCRA and rule 65C of the Utah Rules of Civil Procedure. *Id.* § 77-13-6(2)(c).

¶16    Our cases interpreting the 2003 version of the Plea Withdrawal Statute have reaffirmed the principle that this statute imposes a procedural bar. *See Grimmett*, 2007 UT 11, ¶ 25 ("Because Grimmett's motion to withdraw was untimely . . . we have no jurisdiction to consider his challenge to the validity of his guilty pleas."); *State v. Rhinehart*, 2007 UT 61, ¶ 14, 167 P.3d 1046 ("[C]laims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by section 77-13-6 . . . . We therefore are without jurisdiction to consider Ms. Rhinehart's claim."); *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344 ("[F]ailure to withdraw a guilty plea within the time frame dictated by section 77-13-6 deprives the trial court and appellate courts of jurisdiction to review the validity of the plea."); *see also State v. Smith*, 2011 UT App 336, ¶ 4, 263 P.3d 1219 ("[I]f a defendant fails to file a timely motion to withdraw his guilty plea, the appellate court lacks jurisdiction to consider any claim except a challenge to the sentence. . . . If a motion to withdraw a guilty plea is not timely filed, any challenge to a guilty plea must be pursued under the [PCRA].").

¶17    Ms. Gailey challenges our caselaw interpreting the Plea Withdrawal Statute, asserting that "[t]here is nothing in the language of the former or current statute that explicitly strips courts of jurisdiction." Although the current language of the statute specifically provides that "[a]ny challenge to a guilty plea not made [pre-sentencing] *shall* be pursued under [the PCRA]," UTAH CODE

---

[1] *State v. Merrill* incorrectly conflated the 1989 statute and the 2003 statute by articulating the thirty-day filing limitation and the PCRA as two alternative options for withdrawing a plea. *See* 2005 UT 34, ¶¶ 25, 30, 39, 114 P.3d 585. As detailed above, the thirty-day limitation is found only in the 1989 version of the statute while the PCRA remedy is found only in the 2003 version of the statute.

§ 77-13-6(2)(c) (emphasis added), Ms. Gailey argues that this language could be interpreted as directory and not mandatory, and therefore does not cut off a defendant's right to a direct appeal post-sentencing.

¶18    We reject Ms. Gailey's reading of the statute. Although the 1989 version of the statute did not expressly provide that the right to withdraw a plea is extinguished after the thirty-day deadline, we inferred a procedural bar from its language and structure. Reliance on this inference is no longer necessary. The plain language of the current Plea Withdrawal Statute explicitly provides the procedural roadmap for post-sentencing motions to withdraw a plea—and that is through postconviction relief.

¶19    There is also no indication that the legislature intended postconviction relief as a permissible alternative route to a direct appeal; in fact the inference goes the other way. In *Grimmett*, for example, we noted that the "legislature apparently enacted this amendment in response to our decision in *State v. Ostler*. . . . The 2003 amendment eliminates [the thirty-day deadline] and instead mandates that any motion to withdraw a plea be filed before sentence is announced." 2007 UT 11, ¶¶ 15–16 (citation omitted). Because the defendant in *Grimmett* failed to withdraw his plea before sentencing, we held that "we have no jurisdiction to consider his challenge to the validity of his guilty pleas." *Id.* ¶ 25.

¶20    We therefore reaffirm our prior caselaw holding that after sentencing is entered, a defendant may not file a motion to withdraw a guilty plea or directly appeal the plea, but must pursue postconviction relief through the PCRA and rule 65C of the Utah Rules of Civil Procedure.

## II. MS. GAILEY'S CONSTITUTIONAL RIGHT TO AN APPEAL HAS NOT BEEN VIOLATED

¶21    Ms. Gailey asks this court to reconsider our caselaw regarding the Plea Withdrawal Statute in light of the recent United States Supreme Court precedent recognizing the critical nature of the plea-bargaining process. *See Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012) ("In today's criminal justice system . . . the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant."); *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012) (noting that 94 percent of state convictions are the result of

guilty pleas and rejecting the notion that a "fair trial wipes clean any deficient performance by defense counsel during plea bargaining").[2]

¶22   Ms. Gailey claims that her plea was unknowing and involuntary and that therefore her waiver of the right to a direct appeal violated due process. Further, Ms. Gailey argues that the PCRA remedy does not satisfy her constitutional right to an appeal because—unlike a direct appeal—the PCRA does not guarantee state-paid counsel or the effective assistance of counsel in a challenge to a plea.

¶23   We do not reach the question of whether Ms. Gailey's plea was unknowing or involuntary, because we have been asked to determine only whether the Plea Withdrawal Statute's requirement that Ms. Gailey pursue postconviction relief has violated her constitutional right to an appeal. We hold that the Plea Withdrawal Statute does not, on its face, violate the constitutional right to appeal. It simply dictates the procedural mechanism for pursuing a claim; it does not altogether foreclose relief.[3] We also hold that Ms. Gailey's Sixth Amendment claims to state-paid counsel and the effective assistance of counsel are not ripe, as Ms. Gailey has not yet

---

[2] It is also true that "[i]nnocence, while a relevant consideration for a defendant charged with a criminal offense who is considering whether or not to enter a guilty plea, is not a dispositive consideration and does not prevent criminal defendants from pleading guilty." Russell D. Covey, *Plea-Bargaining Law After* Lafler *and* Frye, 51 DUQ. L. REV. 595, 615–16 (2013) (citing two police scandals wherein 81 percent of sixty-four actually innocent exonerees pled guilty to false charges).

[3] The State argues that "the constitution has always granted the legislature authority to regulate how a Defendant must invoke appellate jurisdiction," because the legislature has the power under article VIII, section 5 of the constitution to create statutes regarding original and appellate jurisdiction. But this provision of the constitution does not grant the legislature power to eviscerate other constitutional rights, including the right to appeal found in article I, section 12. *See State v. Lara*, 2005 UT 70, ¶ 21, 124 P.3d 243 ("Article I, section 12, in concert with article VIII, section 5, provides a unique connection between the article I guarantee of the right to appeal and an express grant of jurisdiction to give practical effect to that right."). We are upholding the Plea Withdrawal Statute not because the legislature may enact any legislation it chooses—regardless of litigants' constitutional rights—but because the statute does not facially violate the constitutional right to appeal.

petitioned the court for counsel and we do not yet know whether that counsel would be ineffective. We therefore hold that Ms. Gailey's constitutional right to an appeal has not been violated.

### A. The Fundamental Constitutional Requirement of an Appeal May Be Served Through Alternative Procedural Routes

¶24    Notwithstanding the unavailability of a direct appeal in her criminal case, Ms. Gailey is not left without recourse to challenge her guilty plea post-sentencing; she may challenge her plea in a postconviction proceeding as provided for in the PCRA, including eventual plenary review by an appellate court. *Grimmett v. State*, 2007 UT 11, ¶ 26, 152 P.3d 306 ("Our decision today does not leave Grimmett without a remedy, however. [The Plea Withdrawal Statute] expressly states that an untimely challenge to a guilty plea 'shall be pursued under' the PCRA and rule 65C of the Utah Rules of Civil Procedure."); *see also Latorre v. United States*, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999) ("Our decisions upholding waivers of *direct-appeal* rights have explicitly noted the availability of [postconviction] collateral attack.").

¶25    Under the PCRA, Ms. Gailey has the right to appeal from the final judgment of the postconviction proceeding in the district court. UTAH CODE § 78B-9-110. In fact, both *Lafler* and *Frye*—the cases Ms. Gailey relies upon to emphasize the importance of plea bargaining proceedings—are appeals from postconviction proceedings. *Lafler*, 132 S. Ct. at 1383–84; *Frye*, 132 S. Ct. at 1405. Therefore, we hold that the Plea Withdrawal Statute does not facially withhold the constitutional right to an appeal.

### B. Right to Appointment of Counsel and Effective Assistance of Counsel

¶26    The Sixth Amendment right to counsel extends to a defendant's first appeal as of right. This right includes the right to state-paid counsel for indigent defendants. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("[D]enial of counsel to indigents on first appeal as of right amount[s] to unconstitutional discrimination against the poor."). Indigent defendants also maintain a statutory right to state-paid counsel on direct appeal. *See* UTAH CODE § 77-32-304; *Gardner v. Holden*, 888 P.2d 608, 622 (Utah 1994) (articulating that the statute "provides for the assignment of counsel at state expense only during the trial proceedings and the first appeal of right or other remedies before or after conviction that the attorney considers to be in the interest of justice.").

¶27    Defendants additionally have the right to the effective assistance of counsel on direct appeal. *Bruner v. Carver*, 920 P.2d 1153, 1157 (Utah 1996) ("The Due Process Clause of the Fourteenth

Amendment guarantees the right to effective assistance of appellate counsel."); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").

¶28    Neither the right to state-paid counsel nor the right to effective assistance of counsel is constitutionally or statutorily guaranteed in postconviction proceedings. *See Hutchings v. State,* 2003 UT 52, ¶ 20, 84 P.3d 1150 (noting that defendants have "no statutory or constitutional right to counsel in a civil petition for post-conviction relief"); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (citations omitted)). Thus, Ms. Gailey argues that the Plea Withdrawal Statute unconstitutionally infringes on her right to an appeal because it mandates review under the PCRA, where there is no guarantee of counsel. While we recognize that the PCRA does not guarantee state-paid counsel, it does provide that "the court *may*, upon the request of an indigent petitioner, appoint counsel on a pro bono basis to represent the petitioner." UTAH CODE § 78B-9-109(1) (emphasis added); *accord State v. Merrill*, 2005 UT 34, ¶ 47, 114 P.3d 585 ("The PCRA expressly authorizes district courts to appoint counsel on a pro bono basis to a defendant pursuing post-conviction relief.").

¶29    Ms. Gailey argues that this permissive language is not enough, because she "is not in a position to prove to this Court that she will not be appointed PCRA counsel in the future." This argument demonstrates why Ms. Gailey's claims of constitutional inadequacy are premature. As we observed in *State v. Merrill*, "[w]hile not guaranteeing appointed counsel, the PCRA does not deny defendants access to counsel. [The defendant] has made no demonstration that PCRA petitioners like himself, who seek to withdraw guilty pleas, are generally, or ever, required to pursue their claims unaided by counsel." 2005 UT 34, ¶ 47; *see also Grimmett*, 2007 UT 11, ¶ 26 ("Given the circumstances that have led [the defendant] to this point and the fact that the merits of his argument have not yet been addressed, [the defendant] appears to be a prime candidate to benefit from the district court's discretion to appoint counsel."); *State v. Stone*, 2013 UT App 148, ¶ 11, 305 P.3d 167 ("[Defendant] has not demonstrated that he would be forced to pursue relief under the PCRA without the aid of counsel."). We cannot declare the PCRA remedy to be a constitutional violation of the right to assistance of counsel on appeal based on a hypothetical

future denial of counsel.[4] *See Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Lindberg*, 2010 UT 51, ¶ 40, 238 P.3d 1054 ("The ripeness doctrine 'serves to prevent courts from issuing advisory opinions' on issues that are not ripe for adjudication." (citation omitted)).

¶30    This same reasoning applies to Ms. Gailey's argument that she would be deprived of the guarantee of effective assistance of counsel in the PCRA proceeding. The PCRA does provide that "[n]othing in this chapter shall be construed as creating the right to the effective assistance of postconviction counsel, and relief may not be granted on any claim that postconviction counsel was ineffective." UTAH CODE § 78B-9-202(4). But unless and until Ms. Gailey is denied the effective assistance of counsel in the PCRA proceeding, her claim that it unconstitutionally denies her right to an appeal is not ripe.

## CONCLUSION

¶31    Today we reaffirm our caselaw holding that the Plea Withdrawal Statute procedurally cuts off a defendant's right to a direct appeal post-sentencing. However, defendants are not left without a remedy to challenge invalid pleas and to appellate review of such challenges; they may pursue their claims collaterally through postconviction proceedings. As for Ms. Gailey's arguments that the PCRA does not guarantee state-paid counsel or the effective assistance of counsel, we conclude that she is requesting a ruling on the hypothetical possibility of ineffective assistance or the denial of state-paid counsel. We determine these issues are not ripe for review. Because Ms. Gailey is procedurally barred from pursuing this direct appeal, we dismiss.

---

[4] As in *Grimmett*, Ms. Gailey would greatly benefit from the appointment of counsel in her postconviction proceeding. *See Grimmett*, 2007 UT 11, ¶ 26 ("Grimmett appears to be a prime candidate to benefit from the district court's discretion to appoint counsel.").

ASSOCIATE CHIEF JUSTICE LEE, concurring in the judgment:

¶33    Shanelle Gailey has not been deprived of an appeal. She filed one, and we are considering it in our opinions in this case. Thus, the effect of the Plea Withdrawal Statute, Utah Code section 77-13-6, is not to "cut[] off a defendant's right to a direct appeal." *Supra* ¶ 2. It is only to limit the issues that may be raised therein, by a rule of preservation or waiver.

¶34    The Plea Withdrawal Statute does not foreclose an appeal. It simply says that a defendant may not seek to "withdraw a plea of guilty" at any time after a "sentence is announced." UTAH CODE § 77-13-6(2)(b). This is a rule of preservation, or in other words, waiver. It says only that a guilty plea may not be challenged further—either in the district court or on appeal—if it is not withdrawn prior to sentencing. Thus, Gailey has not lost her right to appeal; she simply waived the right to raise a specific issue (the validity of her guilty plea) by not preserving the argument at the time required by the governing law.

¶35    Rules of this sort are commonplace. They are embedded in our caselaw under the law of preservation[1] and reflected in our rules of procedure.[2] Such rules require parties to raise issues or arguments at specified times and by certain means. And they treat a failure to comply as a waiver of the right to raise such issues later in the litigation.

¶36    These sorts of rules—in the law of preservation and in our rules of procedure—have never been thought to impinge on the constitutional right to an appeal. Yet the majority proceeds on the

---

[1] *See State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 ("Except in those instances in which errors affect the court's jurisdiction or where claims of error are expressly preserved for appeal, a conviction or guilty plea acts as a waiver of earlier procedural flaws."); *State v. Pinder*, 2005 UT 15, ¶ 42, 114 P.3d 551 (precluding defendant from raising evidentiary objections not properly preserved at trial; explaining that defendant "waived these evidentiary arguments because he did not properly preserve" them).

[2] *See* UTAH R. CRIM. P. 12(f) (stating the general rule that "[f]ailure of the defendant to timely raise defenses or objections or to make requests which must be made prior to trial or at the time set by the court shall constitute waiver thereof"); *State v. Candland*, 2013 UT 55, ¶ 15, 309 P.3d 230 (explaining that where a plea is taken in accordance with criminal rule 11, "many constitutional challenges to the entry of a guilty plea are foreclosed" from being raised on appeal).

premise that they do. It characterizes the Plea Withdrawal Statute as a law that "cuts off" Ms. Gailey's "right to a direct appeal once sentencing is announced," and proceeds to the question whether "the PCRA remedy is . . . an adequate substitute for a direct appeal." *Supra* ¶¶ 2–3.

¶37    The court stops short of resolving that issue on its merits. Because the heart of the issue presented concerns the question whether the right to an appeal encompasses a right to paid counsel, and because Ms. Gailey has not yet been deprived of paid counsel, the majority concludes that her claim to a right to "state-paid counsel" is "not ripe." *Supra* ¶ 23. And it dismisses the appeal without opining[3] on the existence of such a right.

¶38    Yet the court proceeds on the implicit premise that the state constitutional right to appeal encompasses a right to paid counsel. It does so between the lines of its discussion in paragraphs 28 and 29. There the court acknowledges that there is neither a right to "state-paid counsel" nor a "right to effective assistance of counsel" "in postconviction proceedings." *Supra* ¶ 28. But it proceeds to note that "although state paid-counsel is not guaranteed, the PCRA provides that 'the court *may*, upon the request of an indigent petitioner, appoint counsel on a pro bono basis to represent the petitioner." *Id.* (citation omitted). And it deems Gailey's constitutional argument unripe *on that basis*. It says that "[w]e cannot declare the PCRA remedy to be a constitutional violation of the right to assistance of counsel on appeal *based on a hypothetical future denial of counsel*." *Supra* ¶ 29 (emphasis added).

---

[3] More accurately, the court yields no holding; it nonetheless proceeds to put a thumb on the scale for future reference. In anticipation of an as-yet unfiled PCRA proceeding, the majority comments that "Ms. Gailey would greatly benefit from the appointment of counsel in her postconviction proceeding." *Supra* ¶ 29, n. 4. That seems inappropriate. If the question presented is unripe, we have no business putting our thumb on the scale for future reference. And in any event the question briefed in this court has little or nothing to do with the issue anticipated by the majority. We have no briefing on the standard for appointment of pro bono counsel under Utah Code section 78B-9-109.

For these reasons I would not opine on Gailey's need for pro bono counsel even if I agreed with the balance of the court's analysis. To announce our views on a statute that was not briefed on a case that has not yet been filed strikes me as a very troubling advisory opinion.

¶39    The implication is that Gailey's state constitutional right to an appeal may be implicated if she is not ultimately given counsel in a future PCRA proceeding. That seems problematic.

¶40    I understand the impulse in favor of constitutional avoidance. Perhaps the court perceives its decision as a matter of restraint. But it strikes me as the opposite. By kicking the can down the road, the court implies that the state constitution may require appointment of counsel in a PCRA proceeding challenging the voluntariness of a guilty plea.

¶41    That is a significant proposition. I would not lightly assume that the right to paid counsel is implied by the state constitutional "right to appeal," as those words were originally understood.[4] And I see no reason for us to resolve that matter here, even implicitly.

¶42    Instead, I would affirm on the threshold basis identified above. Before reaching the question whether the PCRA is an adequate *substitute* for an appeal, I would first ask whether any such right was meaningfully impinged by the Plea Withdrawal Statute. I would hold that it was not. I would hold that the right to appeal is not implicated by rules dictating the proper means and timing of preserving an issue in the district court. And I would not deem the failure to follow such rules a waiver or forfeiture of the right to raise the issue in subsequent proceedings.

---

[4] I would interpret the constitutional right to appeal to encompass the core elements of an appeal as traditionally understood at the time of the framing of the Utah Constitution. *See State v. Houston*, 2015 UT 40, ¶¶ 150, 155, 353 P.3d 55 (Lee, J., concurring in part and concurring in the judgment) (presenting various "premise[s] of originalism in constitutional interpretation," including that a "constitution rooted in 'evolving standards' . . . is not a 'written' constitution capable of 'form[ing] the fundamental and paramount law of the nation,' or of establishing 'certain limits not to be transcended' and 'designed to be permanent'" (third alteration in original) (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 176–177 (1803))). That inquiry deserves full briefing and careful analysis. I would not assume it away here. And I would not decide it without a careful examination of the historical record (to assess whether the traditional understanding of an "appeal" encompassed a right to paid counsel). We received some briefing on this question in this case (pursuant to a supplemental briefing order), but we have no need to resolve it given that Gailey waived any right to challenge her guilty plea on appeal.

¶43     Such rules may be subject to constitutional challenge. But the basis for challenging them would not be that they eliminate the right of appeal. Rules of preservation and waiver or forfeiture *always* foreclose the right to raise an issue on appeal. They cannot be unconstitutional on that basis alone, unless we are prepared to say that such rules are *per se* unconstitutional.

¶44     I see no basis for that kind of blanket conclusion. Certainly Gailey has not identified one.

¶45     At oral argument the question arose as to the *legislature's* power to dictate rules governing the timing of filings in district court or the law of preservation in the Plea Withdrawal Statute. That may be a fair question for consideration in a future case. *See* UTAH CONST. art. VIII, § 4 (providing that this court has the power to "adopt rules of procedure and evidence to be used in courts of the state" and to "manage the appellate process" "by rule," while recognizing the legislature's power to "amend" such rules "upon a vote of two-thirds of all members of both houses"). But no one has challenged the Plea Withdrawal Statute under article 8, section 4. And in the absence of such a challenge, the filing requirement prescribed in this statute is no different than any of a range of other rules of preservation or waiver set forth elsewhere in our law.

¶46     Such rules do not implicate the state constitutional right to an appeal. I would affirm on that basis.